# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DROGUERIA BETANCES, LLC, on behalf of itself and all others similarly situated,<br><br>Plaintiff,<br>v.<br><br>NOVARTIS PHARMACEUTICALS CORPORATION, NOVARTIS AG, NOVARTIS CORPORATION, ENDO PHARMACEUTICALS, INC., ENDO INTERNATIONAL PLC, and PAR PHARMACEUTICAL, INC.,<br><br>Defendants. | Case No. 1:18-cv-04361-AKH |
| ROCHESTER DRUG CO-OPERATIVE, INC., on behalf of itself and all others similarly situated,<br><br>Plaintiff,<br>v.<br><br>NOVARTIS PHARMACEUTICALS CORPORATION, NOVARTIS AG, NOVARTIS CORPORATION, ENDO PHARMACEUTICALS, INC., ENDO INTERNATIONAL PLC, and PAR PHARMACEUTICAL, INC.,<br><br>Defendants. | Case No. 1:18-cv-05708-AKH |
| FWK HOLDINGS, LLC, on behalf of itself and all others similarly situated,<br><br>Plaintiff,<br>v.<br><br>NOVARTIS PHARMACEUTICALS CORPORATION, NOVARTIS AG, NOVARTIS CORPORATION, ENDO PHARMACEUTICALS, INC., ENDO INTERNATIONAL PLC, and PAR PHARMACEUTICAL, INC.,<br><br>Defendants. | Case No. 1:18-cv-05886-AKH |

**<u>MEMORANDUM IN SUPPORT OF MOTION FOR APPOINTMENT OF GARWIN GERSTEIN & FISHER LLP AND FARUQI & FARUQI, LLP AS INTERIM CO-LEAD COUNSEL AND GARWIN GERSTEIN & FISHER LLP AS INTERIM LIAISON COUNSEL</u>**

**TABLE OF CONTENTS**

| | | |
|---|---|---|
| I. | INTRODUCTION | 1 |
| II. | ARGUMENT | 1 |
| A. | Legal Standard | 1 |
| | 1. Garwin and its co-counsel investigated the class's claims | 2 |
| | 2. Garwin and Faruqi possess the requisite experience to best represent the class | 3 |
| | 3. Garwin and Faruqi have specialized knowledge in pharmaceutical antitrust law | 5 |
| | 4. Garwin and Faruqi will devote the necessary resources | 5 |
| | 5. Garwin should be appointed liaison counsel | 5 |
| III. | CONCLUSION | 6 |

# TABLE OF AUTHORITIES

**CASES**

*Buonasera v. Honest Co.*,
   318 F.R.D. 17 (S.D.N.Y. 2016) ................................................................................1, 2, 3, 5

*In re LIBOR-Based Fin. Instruments Antitrust Litig.*,
   No. 11 MD 2262 (NRB), 2011 U.S. Dist. LEXIS 137242 (S.D.N.Y. Nov. 29, 2011) .........1, 2

*In Mun. Derivatives Antitrust Litig.*,
   252 F.R.D. 184 (S.D.N.Y. 2008)......................................................................................2

*Interest Rate Swaps Antitrust Litig.*,
   No. 16-MC-2704 (PAE), 2016 U.S. Dist. LEXIS 101959 (S.D.N.Y. Aug. 3, 2016) ................3

*Mejia v. Time Warner Cable Inc.*,
   No. 15-CV-6445 (JPO), 2016 U.S. Dist. LEXIS 173624 (S.D.N.Y. Dec. 15, 2016 .................5

*Potzner v. Tommie Copper Inc.*,
   No. 15 Civ. 6055 (AT), 2016 U.S. Dist. LEXIS 9613 (S.D.N.Y. Jan. 4, 2016) .........................5

**RULES**

Fed. R. Civ. P. 23 ...............................................................................................................1, 6

**OTHER AUTHORITIES**

*Manual for Complex Litigation*, Fourth, (2004) ........................................................................1, 6

## I. INTRODUCTION

Direct Purchaser Plaintiffs Drogueria Betances, LLC ("Betances") and Rochester Drug Co-Operative, Inc. ("RDC") submit this memorandum in support of their motion for appointment of interim lead counsel under Federal Rule of Civil Procedure 23(g). Specifically, Betances and RDC seek appointment of Garwin Gerstein & Fisher LLP ("Garwin") as interim co-lead and interim liaison counsel, and for Faruqi & Faruqi, LLP ("Faruqi") as interim co-lead counsel for the direct purchaser class in the above captioned case, and its related direct purchaser cases.[1] All direct purchasers in related cases, and Defendants, have notice of this request.[2] FWK Holdings, Inc., the only other direct purchaser plaintiff, does not oppose. Defendants take no position.

## II. ARGUMENT

### A. Legal Standard

"[D]esignation of interim counsel clarifies responsibility for protecting the interests of the class during precertification activities[.]" *Buonasera v. Honest Co.*, 318 F.R.D. 17, 18 (S.D.N.Y. 2016), quoting Manual for Complex Litigation (Fourth) § 21.11 (2004) ("Manual"). "The designation of interim class counsel is especially encouraged in cases . . . where there are multiple, overlapping class actions that require extensive pretrial coordination." *In re LIBOR—Based Fin. Instruments Antitrust Litig.*, No. 11 Md. 2262 (NRB), 2011 U.S. Dist. LEXIS

---

[1] The *Betances* action is the first-filed of the related direct purchaser and indirect purchaser cases. The related direct purchaser cases are *Rochester Drug Co-Operative, Inc. v. Novartis Pharmaceuticals Corporation et al.*, 1:18-cv-05708-AKH and *FWK Holdings, LLC v. Novartis Pharmaceuticals Corporation et al.*, 1:18-cv-05886-AKH.

[2] This request was previously mailed in letter format to Judge Marrero pursuant to his Individual Practices. Judge Marrero entered the request on the docket of the various related direct purchaser cases on July 6, 2018. *See* 18-cv-04361 at ECF No. 33; 1:18-cv-05708 at ECF No. 8; 1:18-cv-05886 at ECF No. 18. Betances and RDC resubmit their request as a formal motion so as to be consistent with Individual Rules 1.A and 2.B of this Court. Betances and RDC have provided all direct purchasers notice of this refiled motion.

137242, at *7 (S.D.N.Y. Nov. 29, 2011). "Rule 23(g)(3) provides that the Court 'may designate interim counsel to act on behalf of a putative class before determining whether to certify the action as a class action.'" *Bounasera*, 318 F.R.D. at 18, quoting Fed. R. Civ. P. 23(g)(3). "When appointing interim class counsel, courts generally look to the same factors used in determining the adequacy of class counsel under Rule 23(g)(1)(A)." *Id.*, citing *In Mun. Derivatives Antitrust Litig.*, 252 F.R.D. 184, 186 (S.D.N.Y. 2008). *See also In re* LIBOR, 2011 U.S. Dist. LEXIS 137242, at *7 (The factors "which govern the appointment of class counsel once a class is certified, are widely accepted to apply to the designation of interim class counsel before certification as well."). These factors are: "(i) the work counsel has done in identifying or investigating potential claims in the action; (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action; (iii) counsel's knowledge of the applicable law; and (iv) the resources that counsel will commit to representing the class." *Buonasera*, 318 F.R.D. at 18, quoting F.R.C.P. 23(g)(1)(A). *See also Mejia v. Time Warner Cable Inc.*, No. 15-CV-6445 (JPO), 2016 U.S. Dist. LEXIS 173624, at *5-6 (S.D.N.Y. Dec. 15, 2016) (listing factors); *In re* LIBOR, 2011 U.S. Dist. LEXIS 137242, at *7 (same).

## B. Garwin and Faruqi Satisfy All of Rule 23(g)(1)(A)'s Requirements

### 1. *Garwin and its co-counsel investigated the class's claims*

Before filing the *Betances* complaint, Garwin and its co-counsel (identified in section I.B.4, below), investigated the facts and thoroughly researched and analyzed the complex legal issues that it anticipates will arise in this case. Garwin and its co-counsel filed the first complaint on May 16, 2018 (1:18-cv-04361, ECF No. 1). Faruqi filed the second action on June 15, 2018

on behalf of RDC.³ A number of indirect purchaser and direct purchaser complaints followed. Garwin and its co-counsel led the investigation and development of these claims, including the development of the Exforge market, the merits of the patents covering Exforge, the regulatory landscape governing brand and generic Exforge approval, and the publicly available information regarding Defendants' conduct. Where counsel have "conducted the first and . . . the most exhaustive investigation . . . ," the first prong is satisfied. *Buonasera*, 318 F.R.D. at 18. *See also In re Interest Rate Swaps Antitrust Litig.*, No. 16-MD-2704 (PAE), 2016 U.S. Dist. LEXIS 101959, at *27-28 (S.D.N.Y. Aug. 3, 2016) (finding first factor "compellingly favors appointment" where counsel "filed the first class action complaint . . . not by piggybacking on an existing government investigation or enforcement action, but by undertaking an independent investigation."). None of the subsequently filed direct or indirect purchaser complaints reflect a "m[ore] exhaustive investigation" than the *Betances* complaint.

> 2. *Garwin and Faruqi possess the requisite experience to best represent the class*

Garwin and Faruqi have consistently directed the course of pharmaceutical antitrust cases just like this one, and have developed extensive, specialized experience in their prosecution, including: (1) determining the overarching litigation strategy; (2) overseeing and guiding fact and expert discovery; (3) writing dispositive motions; (4) oral argument; (5) retaining and coordinating experts; (6) depositions; (7) trial; (8) appeal; and (9) settlement.

Garwin and Faruqi have been appointed sole lead or co-lead counsel in dozens of

---

³ Complaint, *Rochester Drug Co-Operative, Inc. v. Novartis Pharmaceuticals Corporation, et al.*, 4:18-cv-03602-JSW (June 15, 2018 N.D.Ca.) (ECF No. 1). RDC re-filed their complaint in the Southern District of New York on June 22, 2018. *See* Complaint, *Rochester Drug Co-Operative, Inc. v. Novartis Pharmaceuticals Corporation, et al.*, 1:18-cv-05708-VM (June 22, 2018 S.D.N.Y.) (ECF No. 1).

3

pharmaceutical antitrust cases over two decades and have recovered approximately $2.5 billion on behalf of classes of pharmaceutical direct purchasers, as reflected below:

| Case | Garwin sole-lead | Garwin co-lead | Faruqi co-lead | Key role by Faruqi or current Faruqi attorneys | Settlement amount (in millions of dollars) |
|---|---|---|---|---|---|
| *King Drug Company of Florence, Inc. et al v. Cephalon, Inc., et al.*, No. 06-1797 (E.D. Pa.) | ✓ | | | ✓ | 512 |
| *In re Tricor Direct Purchaser Antitrust Litig.*, No. 05-340 (D. Del.) | | ✓ | | ✓ | 250 |
| *In re Buspirone Antitrust Litig.*, No. 1-7951 (S.D.N.Y.) | | ✓ | | ✓ | 220 |
| *In re Neurontin Antitrust Litig.*, No. 02-1830 (D. N.J.) | | ✓ | | | 191 |
| *In re Relafen Antitrust Litig.*, No. 01-12239 (D. Mass.) | | ✓ | | ✓ | 175 |
| *In re Lidoderm Antitrust Litig.*, No. 14-02521 (N.D. Ca.) | | ✓ | ✓ | | 166 |
| *In re Aggrenox Antitrust Litig.*, No. 14-2516 (D. Conn.) | ✓ | | | ✓ | 146 |
| *In re Cardizem Antitrust Litig.*, No. 99-1278 (E.D. Mich.) | | ✓ | | ✓ | 110 |
| *In re Prograf Antitrust Litig.*, No. 11-2242 (D. Mass.) | | ✓ | | | 98 |
| *American Sales Company, LLC v. Pfizer, Inc.*, No. 2:14-cv-361 (E.D. Va.) | | | | ✓ | 94 |
| *In re Solodyn (Minocycline Hydrochloride) Antitrust Litigation*, 14-md-02503-DJC (D. Mass.) | | | | ✓ | 77 |
| *In re Remeron Antitrust Litig.*, No. 02-02007 (D. N.J.) | | ✓ | | ✓ | 75 |
| *In re Terazosin Hydrochloride Antitrust Litig.*, No. 99-1317 (S.D. Fla.) | | ✓ | | | 74 |
| *In re K-Dur Antitrust Litig.*, No. 01-1652 (D. N.J.) | ✓ | | | | 60 |
| *Meijer, Inc. et al. v. Abbott Laboratories*, No. 07-5985 (N.D. Ca.) | | ✓ | | | 52 |
| *In Re Hypodermic Products Direct Purchaser Antitrust Litig.*, No. 05-01602 (D. N.J.) | ✓ | | | ✓ | 45 |
| *In re Metoprolol Succinate Direct Purchaser Antitrust Litigation*, No. 06-52 (D. Del.) | | | | ✓ | 20 |
| *In re DDAVP Direct Purchaser Antitrust Litigation*, Civil Action No. 05-cv-2237 (S.D.N.Y.) | | ✓ | | | 20 |
| *In re Prandin Antitrust Litigation*, No. 10-cv-12141-AC-DAS (E.D. Mich.) | | | ✓ | | 19 |
| *Rochester Drug Co-Operative, Inc., v. Braintree Laboratories, Inc.*, No. 07-cv-0142 (D. Del.) | | ✓ | | ✓ | 17 |
| *In re OxyContin Antitrust Litigation*, MDL No. 04-md-1603 (S.D.N.Y.) | | ✓ | | | 16 |
| *In re Asacol Antitrust Litig.*, 1:15-cv-12730 (D. Mass.) | | ✓ | ✓ | | 15 |
| *Mylan Pharmaceuticals, Inc. v. Warner Chilcott Public Limited Company*, No. 12-3824 (E.D. Pa.) | | | ✓ | | 15 |
| *In re Namenda Direct Purchaser Antitrust Litig.*, No. 15-07488 (S.D.N.Y) | | ✓ | | ✓ | pending |
| *In re Lamictal Antitrust Litig.*, No. 12-995 (D. N.J.) | ✓ | | | ✓ | pending |
| *In re Androgel Antitrust Litig. (II)*, No. 09-2084 (N.D. Ga.) | | ✓ | | ✓ | pending |
| *In re Niaspan Antitrust Litig.*, No. 13-2460 (E.D. Pa.) | | ✓ | | ✓ | pending |
| *In re Suboxone (Buprenorphine Hydrochloride and Nalaxone) Antitrust Litig.*, No. 13-02445 (E.D. Pa.) | | ✓ | ✓ | | pending |
| *In re Opana ER Antitrust Litig.*, No. 14-10150 (N.D. Ill.) | | ✓ | | ✓ | pending |
| *In re Lipitor Antitrust Litig.*, No. 12-233 (D. N.J.) | | ✓ | | ✓ | pending |
| *In re Loestrin 24 FE Antitrust Litigation*, No. 13-md-2472 (D. R.I) | | | ✓ | | pending |
| *In re Restasis (Cyclosporine Ophthalmic Emulsion) Antitrust Litigation*, No. 18-02819 (E.D.N.Y.) | | | ✓ | | pending |
| *In re Zetia (Ezetimibe) Antitrust Litigation*, No. 18-02836 | | | ✓ | | pending |
| *In re Effexor XR Antitrust Litigation*, No. 11-05479 (D. N.J.) | | | ✓ | | pending |

Garwin and Faruqi submit their firm resumes as exhibits 1 and 2, respectively, to the contemporaneously filed Declaration of Dan Litvin.

*3. Garwin and Faruqi have specialized knowledge in pharmaceutical antitrust law*

Leadership in dozens of direct purchaser pharmaceutical antitrust class actions has afforded Garwin and Faruqi an expertise in the antitrust, patent, and regulatory law that will govern this case. Garwin and Faruqi lawyers have also, over two decades, developed a keen eye for complex factual issues which arise in cases like this one, including highly technical manufacturing, economic and causation issues.

*4. Garwin and Faruqi will devote the necessary resources*

Garwin and Faruqi have repeatedly demonstrated their ability to devote the resources necessary to prosecute cases like this one. They have historically, and will continue to, work closely with a variety of firms that have further specialization in complex areas such as FDA regulatory law, economics, and patent law, including the law firms of Heim Payne & Chorush, LLP; Odom & Des Roches LLC; Smith Segura & Raphael, LLP; and Berger & Montague, P.C. These firms bring to bear considerable financial resources and dozens of available attorneys to aggressively safeguard the class's interests. *See, e.g.*, *Buonasera*, 318 F.R.D. at 19; *Potzner v. Tommie Copper Inc.*, 15 Civ. 3183 (AT), 2016 U.S. Dist. LEXIS 9613, at *5 (S.D.N.Y. Jan. 4, 2016) (appointing Faruqi co-lead counsel and determining that it has "the resources necessary to represent the class.").

*5. Garwin should be appointed liaison counsel*

Consistent with Rule 23(g), Garwin and Faruqi recommend the appointment of Garwin as interim liaison counsel. Liaison counsel shall, with the approval of co-lead counsel: (a) communicate with the Court on behalf of the direct purchaser class; (b) receive and distribute

5

notices, orders, motions and briefs on behalf of the direct purchaser class; (c) handle administrative and ministerial matters; (d) advise the class counsel about developments in the case; and (e) perform any other function the Court or class counsel may request.[4]

## III. CONCLUSION

In sum, Garwin and Faruqi satisfy all of the requirements of Federal Rule of Civil Procedure 23(g)(A)(1) and are able to represent the direct purchaser class fairly and adequately as interim co-lead counsel, consistent with Rule 23(g) and the goal of achieving "efficiency and economy." *See* Manual at § 10.221. To provide for the orderly and efficient conduct of this litigation, Betances and RDC respectfully ask the Court to appoint Garwin and Faruqi as interim co-lead counsel in this case with exclusive authority to direct the conduct of this litigation for the direct purchaser class, through settlement or trial, and any appeals. Betances and RDC also respectfully request that the Court appoint Garwin as interim liaison counsel.

Dated: July 17, 2018

Respectfully Submitted,

*/s/ Bruce E. Gerstein*

Peter Kohn
Joseph T. Lukens
**Faruqi & Faruqi, LLP**
101 Greenwood Avenue, Suite 600
Jenkintown, PA 19046
(215) 277-5770
(215) 277-5771 (fax)
pkohn@faruqilaw.com
jlukens@faruqilaw.com

Kristyn Fields (No. KF-4461)
**Faruqi & Faruqi, LLP**
685 Third Ave., Floor 26
New York, NY 10017

Bruce E. Gerstein
Joseph Opper
Dan Litvin
**Garwin Gerstein & Fisher LLP**
88 Pine Street, 10th Floor
New York, NY 10005
Tel: (212) 398-0055
Fax: (212) 764-6620
bgerstein@garwingerstein.com
jopper@garwingerstein.com
dlitvin@garwingerstein.com

---

[4] The authority of proposed liaison counsel to perform the enumerated tasks is non-exclusive as to other proposed interim co-lead counsel.

Tel.: (212) 983-9330
Fax: (212) 983-9331
Email: kfields@faruqilaw.com

| | |
|---|---|
| David F. Sorensen<br>Caitlin G. Coslett<br>**Berger & Montague, P.C.**<br>1622 Locust Street<br>Philadelphia, PA 19103<br>(215) 875-3000<br>(215) 875-4604 (fax)<br>dsorensen@bm.net<br>ccoslett@bm.net<br><br>*Counsel for Rochester Drug Co-Operative, Inc. and the Proposed Class* | David C. Raphael, Jr.<br>Erin R. Leger<br>**Smith Segura & Raphael, LLP**<br>3600 Jackson Street, Suite 111<br>Alexandria, LA 71303<br>Tel: (318) 445-4480<br>Fax: (318) 487-1741<br>draphael@ssrllp.com<br>eleger@ssrllp.com<br><br>Stuart E. Des Roches<br>Andrew W. Kelly<br>**Odom & Des Roches, L.L.P.**<br>650 Poydras Street, Suite 2020<br>New Orleans, LA 70130<br>Tel: (504) 522-0077<br>Fax: (504) 522-0078<br>stuart@odrlaw.com<br>akelly@odrlaw.com<br><br>Russ Chorush<br>Miranda Jones<br>**Heim Payne & Chorush, LLP**<br>1111 Bagby<br>Suite 2100<br>Houston, TX 77002<br>Tel: (713) 221-2000<br>Fax: (713) 221-2021<br>rchorush@hpcllp.com<br>mjones@hpcllp.com<br><br>*Counsel for Drogueria Betances, LLC and the Proposed Class* |

## CERTIFICATE OF SERVICE

  I, Bruce E. Gerstein, hereby certify that I caused a copy of the foregoing to be filed electronically via the Court's electronic filing system on all counsel of record.

Dated: July 17, 2018        ***/s/ Bruce E. Gerstein***
                Bruce E. Gerstein