UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

In re Novartis and Par Antitrust Litigation

Case No. 1:18-cv-04361-AKH

This Document Relates to:

1:18-cv-09861-AKH

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS WALGREEN CO.'S AND THE KROGER CO.'S CLAIMS FOR INJUNCTIVE RELIEF**

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388 (2006)....................2

*In re Plavix Indirect Purchaser Antitrust Litig.*, No. 1:06-cv-226, 2011 WL 335034 (S.D. Ohio, Jan. 31, 2011) ....................2

*United Food and Comm. Workers Local 1776 & Participating Employers Health and Welfare Fund v. Teikoku Pharma USA, Inc.*, No. 14-md-02521-WHO, 2015 WL 4397396 (N.D. Cal. July 15, 2017)....................1, 2

**Statutes & Rules**

Clayton Act Section 4 ....................2

Clayton Act Section 16 ....................1

Two retail stores, Walgreen Co. ("Walgreens") and The Kroger Co. ("Kroger"), bring claims against Defendants[1] for injunctive relief—a thinly veiled attempt to distinguish their otherwise duplicative complaint from that of the putative Direct Purchaser Class. Their claims for injunctive relief plainly fail and should be dismissed.

To seek injunctive relief under Section 16 of the Clayton Act, Walgreens and Kroger cannot merely plead past injury, but also must allege with particularity "ongoing or future harm caused by the alleged Sherman Act violations"; "alleged past injuries" are insufficient as a matter of law. *See United Food and Comm. Workers Local 1776 & Participating Employers Health and Welfare Fund v. Teikoku Pharma USA, Inc.*, No. 14-md-02521-WHO, 2015 WL 4397396, at *3 (N.D. Cal. July 15, 2017) (striking Walgreens' claims for injunctive relief because "Defendants' anticompetitive conduct ended . . . when generic drug competitors were able to enter the market" and thus Walgreens "[did] not state[] with sufficient particularity any ongoing or future harm"). The argument that counsel for Walgreens and Kroger made at the status conference yesterday—that prices may not yet have returned to their "equilibrium"—is untethered to any allegation in the complaint, and need not detain this Court any longer than it did the court in *United Food*. *See id.* (rejecting "argu[ment] at the hearing that harm is ongoing because it takes time for prices to reach an equilibrium").

Walgreens and Kroger do not allege any facts showing ongoing or future harm, nor could they. Their claims are limited to alleged anticompetitive effects occurring between September 2012 and March 2015. (1:18-cv-09861-AKH, ECF No. 1 ("Compl.") at ¶¶ 116, 123.) Such alleged "overcharges" would, if proven, constitute only past injury; there are no factual

[1] Defendants include Novartis Pharmaceuticals Corporation and Par Pharmaceutical, Inc. Novartis AG is a named defendant, but has not been served with Walgreen's and Kroger's complaint.

allegations whatsoever of any injuries after March 2015, much less any ongoing injuries. On the contrary, like all of the other plaintiffs, Walgreens and Kroger concede that at least five generic manufacturers launched generic Exforge products in March 2015 (Compl. ¶ 117), thus ending any alleged anticompetitive effects at that point. Conclusory statements that "Defendants' conduct threatens continuing damage and injury to Plaintiffs" (Compl. ¶¶ 145, 153, 159, 166) are insufficient to survive a motion to dismiss, *see United Food*, 2015 WL 4397396, at *3 (noting that Walgreens' complaint "only mentions injunctive relief in the demand for judgment in a cursory manner"), as are unfounded allegations that Defendants are "serial antitrust violators" (Compl. ¶ 124) likely to commit further antitrust violations. *See In re Plavix Indirect Purchaser Antitrust Litig.*, No. 1:06-cv-226, 2011 WL 335034, at *4 (S.D. Ohio, Jan. 31, 2011) (Plaintiffs "merely speculate[d] that Defendants' previous behavior . . . leads to an assumption that Defendants will engage in future collusive agreements").

Notably, Walgreens and Kroger seek to bring their claims as assignees of wholesalers, so as to seek monetary damages under Section 4 of the Clayton Act. (Compl. ¶¶ 12-13.) Walgreens and Kroger have their claims to alleged damages, and therefore an adequate remedy at law. Should Defendants be held liable for such damages, Walgreens and Kroger therefore will be compensated for the overcharges during the relevant period, and they have not alleged that monetary compensation would be inadequate.[2]

For the foregoing reasons, and the reasons the Court noted on the record yesterday, Defendants respectfully request that the Court dismiss Walgreen's and Kroger's claims for injunctive relief with prejudice.

---

[2] *See eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006) (to obtain an injunction under "well-established principles of equity", a "party must demonstrate . . . that remedies available at law, such as monetary damages, are inadequate to compensate for that injury").

November 9, 2018

Respectfully submitted,

CRAVATH, SWAINE & MOORE LLP,

by

/s/ Julie A. North

Evan R. Chesler
Julie A. North

Worldwide Plaza
825 Eighth Avenue
New York, NY 10019
(212) 474-1000
echesler@cravath.com
jnorth@cravath.com

*Attorneys for Defendant Novartis Pharmaceuticals Corporation*

WILLIAMS & CONNOLLY LLP,

by

/s/ Benjamin M. Greenblum

Benjamin M. Greenblum
Elise M. Baumgarten

650 Fifth Avenue
Suite 1500
New York, New York 10019
(646) 949-2800
bgreenblum@wc.com
ebaumgarten@wc.com

*Attorneys for Defendant Par Pharmaceutical, Inc.*