# CRAVATH, SWAINE & MOORE LLP

WORLDWIDE PLAZA
825 EIGHTH AVENUE
NEW YORK, NY 10019-7475

TELEPHONE: +1-212-474-1000
FACSIMILE: +1-212-474-3700

——————
CITYPOINT
ONE ROPEMAKER STREET
LONDON EC2Y 9HR
TELEPHONE: +44-20-7453-1000
FACSIMILE: +44-20-7860-1150

JOHN W. WHITE
EVAN R. CHESLER
RICHARD W. CLARY
STEPHEN L. GORDON
ROBERT H. BARON
DAVID MERCADO
CHRISTINE A. VARNEY
PETER T. BARBUR
THOMAS G. RAFFERTY
MICHAEL S. GOLDMAN
RICHARD HALL
JULIE A. NORTH
ANDREW W. NEEDHAM
STEPHEN L. BURNS
KATHERINE B. FORREST
KEITH R. HUMMEL
DAVID J. KAPPOS
DANIEL SLIFKIN
ROBERT I. TOWNSEND, III
PHILIP J. BOECKMAN
WILLIAM V. FOGG
FAIZA J. SAEED
RICHARD J. STARK
THOMAS E. DUNN
MARK I. GREENE

DAVID R. MARRIOTT
MICHAEL A. PASKIN
ANDREW J. PITTS
MICHAEL T. REYNOLDS
ANTONY L. RYAN
GEORGE E. ZOBITZ
GEORGE A. STEPHANAKIS
DARIN P. McATEE
GARY A. BORNSTEIN
TIMOTHY G. CAMERON
KARIN A. DEMASI
DAVID S. FINKELSTEIN
DAVID GREENWALD
RACHEL G. SKAISTIS
PAUL H. ZUMBRO
ERIC W. HILFERS
GEORGE F. SCHOEN
ERIK R. TAVZEL
CRAIG F. ARCELLA
DAMIEN R. ZOUBEK
LAUREN ANGELILLI
TATIANA LAPUSHCHIK
ALYSSA K. CAPLES
JENNIFER S. CONWAY
MINH VAN NGO

KEVIN J. ORSINI
MATTHEW MORREALE
JOHN D. BURETTA
J. WESLEY EARNHARDT
YONATAN EVEN
BENJAMIN GRUENSTEIN
JOSEPH D. ZAVAGLIA
STEPHEN M. KESSING
LAUREN A. MOSKOWITZ
DAVID J. PERKINS
JOHNNY G. SKUMPIJA
J. LEONARD TETI, II
D. SCOTT BENNETT
TING S. CHEN
CHRISTOPHER K. FARGO
KENNETH C. HALCOM
DAVID M. STUART
AARON M. GRUBER
O. KEITH HALLAM, III
OMID H. NASAB
DAMARIS HERNÁNDEZ
RORY A. LERARIS
KARA L. MUNGOVAN
MARGARET T. SEGALL

NICHOLAS A. DORSEY
ANDREW C. ELKEN
JENNY HOCHENBERG
VANESSA A. LAVELY
G.J. LIGELIS JR.
MICHAEL E. MARIANI
LAUREN R. KENNEDY
SASHA ROSENTHAL-LARREA
ALLISON M. WEIN
MICHAEL P. ADDIS
JUSTIN C. CLARKE
SHARONMOYEE GOSWAMI
C. DANIEL HAAREN
EVAN MEHRAN NORRIS
LAUREN H. ROSENBERG

SPECIAL COUNSEL
SAMUEL C. BUTLER

OF COUNSEL
MICHAEL L. SCHLER
CHRISTOPHER J. KELLY

WRITER'S DIRECT DIAL NUMBER
+1-212-474-1752

WRITER'S EMAIL ADDRESS
jnorth@cravath.com

October 26, 2020

In re Novartis and Par Antitrust Litigation, 1:18-cv-04361-AKH

Dear Judge Hellerstein:

Pursuant to Rule 4.A and 4.B.ii of Your Honor's Individual Rules of Practice, Paragraph 19 of the Stipulated Protective Order (the "Protective Order") (ECF No. 95) and applicable law, I write on behalf of Novartis Pharmaceuticals Corporation and Novartis AG (together, "Novartis") requesting permission to file certain documents under seal in connection with Plaintiffs' Rule 37 Motion to Compel Novartis to Designate a 30(b)(6) Witness ("Motion to Compel" or "Mot. to Compel").

Novartis respectfully requests that the Court issue an order sealing certain: (i) portions of Plaintiffs' Memorandum of Law in Support of their Motion to Compel; (ii) Exhibits to the Declaration of Dan Litvin In Support of Plaintiffs' Motion To Compel (the "Litvin Declaration"); (iii) portions of Novartis Defendants' Memorandum of Law in Opposition to Plaintiffs' Motion to Compel (the "Opposition") and (iv) Exhibits to the Declaration of Julie A. North in Opposition to Plaintiffs' Motion to Compel (the "North Declaration"). Novartis has conferred with Plaintiffs and they take no position on whether or not the documents should be sealed.

Under Rule 4.A of Your Honor's Individual Rules of Practice, a party must obtain the Court's authority to file documents under seal, which is appropriate if "closure is essential to preserve higher values and is narrowly tailored to serve that interest." *Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132, 144 (2d Cir. 2016) (quoting *In re N.Y. Times Co.*, 828 F.2d 110, 116 (2d Cir.1987)). While there is a "common law presumption in favor of permitting public access to judicial documents," the court must consider the "the privacy interests of those resisting disclosure." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110 (2d Cir. 2006). In particular, "privacy interests of innocent third parties . . . should weigh heavily in a court's balancing equation." *In re Savitt/Adler Litig.*, No. 95-CV-1842 (RSP/DRH), 1997 WL 797511, at *2 (N.D.N.Y. Dec. 23, 1997). "There is no established presumption of

2

public access with respect to confidential settlement discussions and documents."
*Travelers Indem. Co. v. Excalibur Reinsurance Corp.*, No. 3:11-CV-1209 CSH, 2013 WL
4012772, at *5 (D. Conn. Aug. 5, 2013). Rather, "[t]he Second Circuit has recognized
the value of confidentiality in settlement negotiations." *Id.* (approving redactions of
exhibits containing confidential settlement discussions); *see also Refco Grp. Ltd., LLC v.
Cantor Fitzgerald, L.P.*, No. 13 CIV. 1654 RA HBP, 2015 WL 4298572, at *5 (S.D.N.Y.
July 15, 2015) (finding that the interest in maintaining "confidential information
concerning an agreement with a non-party entity [] outweigh[ed] the public interest in
access to the judicial documents").

Further, "notwithstanding the presumption of public access to judicial
records, courts may deny access to records that are sources of business information that
might harm a litigant's competitive standing." *In re Parmalat Sec. Litig.*, 258 F.R.D. 236,
244 (S.D.N.Y. 2009) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598, 98 S.
Ct. 1306, 1312, 55 L. Ed. 2d 570 (1978)). For example, when documents "contain highly
proprietary material concerning the defendants' marketing strategies, product
development, costs and budgeting, [] the privacy interests of the defendants outweigh the
presumption of public access." *GoSMiLE, Inc. v. Dr. Jonathan Levine, D.M.D. P.C.*, 769
F. Supp. 2d 630, 649–50 (S.D.N.Y. 2011) (finding it appropriate for materials to remain
under seal). *See also United States v. Ferguson*, No. CRIM. 3:06CR137CFD, 2008 WL
113654, at *1 (D. Conn. Jan. 5, 2008) (granting motion to seal confidential business
information "because the disclosure of this confidential information would cause undue
harm to the businesses involved").

Exhibit 15 to the Litvin Declaration relates to the terms of the license and
settlement agreement between Novartis and third party Teva regarding the product Lotrel.
While the existence of the Lotrel settlement agreement was disclosed, *see* Order of
Dismissal, ECF No. 192, *Novartis Corp., et. al v. Teva Pharmaceuticals USA, Inc.*, Civ
A. No. 04-4473, (D.N.J. July 20, 2011), the terms of the agreement were not and the
parties agreed to keep them confidential absent both parties' consent. Thus, the Exhibit
should remain sealed in its entirety.

Exhibits 14, 17 and 18 to the Litvin Declaration reflect the terms of and/or
discuss Novartis's confidential settlement with a third party regarding another Novartis
product. As in the Lotrel agreement, Novartis cannot disclose the terms of the
agreement, nor can Novartis disclose the existence of the agreement without the third
party's consent. As such these Exhibits should also remain sealed in their entirety.

Exhibit 16 to the Litvin Declaration is a presentation regarding strategic
business planning that includes throughout information regarding both of the confidential
settlement and license agreements discussed above and other commercially sensitive
business information that could harm Novartis's commercial standing. It includes, for
example, information about Novartis's business plans regarding generic entry for a
variety of drugs. The document is thus commercially sensitive and highly proprietary,
and should be sealed in its entirety.

Case 1:18-cv-04361-AKH  Document 302  Filed 10/28/20  Page 3 of 3
Case 1:18-cv-04361-AKH  Document 292  Filed 10/26/20  Page 3 of 3

3

In addition, certain sections of Plaintiffs' Motion to Compel, Exhibits 4 and 5 to the Litvin Declaration, Novartis's Opposition, and Exhibits A and F to the North Declaration quote from or relate to the same confidential settlement and license agreements and, for the same reasons, should be sealed in part. Novartis has filed those documents with appropriate redactions.

Novartis is available at the Court's convenience should Your Honor have any questions or wish to discuss these requests.

Very truly yours,

/s/ Julie A. North

Julie A. North

The Honorable Alvin K. Hellerstein
United States District Court
Southern District of New York
500 Pearl Street, Room 1050
New York, New York 10007

BY ECF