# CRAVATH, SWAINE & MOORE LLP

JOHN W. WHITE
EVAN R. CHESLER
STEPHEN L. GORDON
ROBERT H. BARON
DAVID MERCADO
CHRISTINE A. VARNEY
PETER T. BARBUR
MICHAEL S. GOLDMAN
RICHARD HALL
JULIE A. NORTH
ANDREW W. NEEDHAM
STEPHEN L. BURNS
KATHERINE B. FORREST
KEITH R. HUMMEL
DAVID J. KAPPOS
DANIEL SLIFKIN
ROBERT I. TOWNSEND, III
PHILIP J. BOECKMAN
WILLIAM V. FOGG
FAIZA J. SAEED
RICHARD J. STARK
THOMAS E. DUNN
MARK I. GREENE
DAVID R. MARRIOTT
MICHAEL A. PASKIN
ANDREW J. PITTS
MICHAEL T. REYNOLDS
ANTONY L. RYAN

GEORGE E. ZOBITZ
GEORGE A. STEPHANAKIS
DARIN P. MCATEE
GARY A. BORNSTEIN
TIMOTHY G. CAMERON
KARIN A. DEMASI
DAVID S. FINKELSTEIN
RACHEL G. SKAISTIS
PAUL H. ZUMBRO
ERIC W. HILFERS
GEORGE F. SCHOEN
ERIK R. TAVZEL
CRAIG F. ARCELLA
DAMIEN R. ZOUBEK
LAUREN ANGELILLI
TATIANA LAPUSHCHIK
ALYSSA K. CAPLES
JENNIFER S. CONWAY
MINH VAN NGO
KEVIN J. ORSINI
MATTHEW MORREALE
JOHN D. BURETTA
J. WESLEY EARNHARDT
YONATAN EVEN
BENJAMIN GRUENSTEIN
JOSEPH D. ZAVAGLIA
STEPHEN M. KESSING
LAUREN A. MOSKOWITZ

WORLDWIDE PLAZA
825 EIGHTH AVENUE
NEW YORK, NY 10019-7475

TELEPHONE: +1-212-474-1000
FACSIMILE: +1-212-474-3700

———

CITYPOINT
ONE ROPEMAKER STREET
LONDON EC2Y 9HR
TELEPHONE: +44-20-7453-1000
FACSIMILE: +44-20-7860-1150

WRITER'S DIRECT DIAL NUMBER
+1-212-474-1752

WRITER'S EMAIL ADDRESS
jnorth@cravath.com

DAVID J. PERKINS
J. LEONARD TETI, II
D. SCOTT BENNETT
TING S. CHEN
CHRISTOPHER K. FARGO
DAVID M. STUART
AARON M. GRUBER
O. KEITH HALLAM, III
OMID H. NASAB
DAMARIS HERNÁNDEZ
JONATHAN J. KATZ
DAVID L. PORTILLA
RORY A. LERARIS
KARA L. MUNGOVAN
MARGARET T. SEGALL
NICHOLAS A. DORSEY
ANDREW C. ELKEN
JENNY HOCHENBERG
VANESSA A. LAVELY
G.J. LIGELIS JR.
MICHAEL E. MARIANI
LAUREN R. KENNEDY
SASHA ROSENTHAL-LARREA
ALLISON M. WEIN
MICHAEL P. ADDIS
JUSTIN C. CLARKE
SHARONMOYEE GOSWAMI
C. DANIEL HAAREN

EVAN MEHRAN NORRIS
LAUREN M. ROSENBERG
MICHAEL L. ARNOLD
HEATHER A. BENJAMIN
MATTHEW J. BOBBY
DANIEL C. CERQUEIRA
ALEXANDRA C. DENNING
HELAM GEBREMARIAM
MATTHEW G. JONES
MATTHEW M. KELLY
DAVID H. KORN
BRITTANY L. SUKIENNIK
ANDREW M. WARK

———

PARTNER EMERITUS
SAMUEL C. BUTLER

———

OF COUNSEL
MICHAEL L. SCHLER
CHRISTOPHER J. KELLY
KIMBERLEY S. DREXLER
NICOLE F. FOSTER
LILLIAN S. GROSSBARD
KIMBERLY A. GROUSSET
ANDREI HARASYMIAK

So ordered.
/s/ Hon. Alvin K. Hellerstein
September 1, 2021

August 25, 2021

<u>In re Novartis and Par Antitrust Litigation, 1:18-cv-04361-AKH</u>

Dear Judge Hellerstein:

   Pursuant to Rules 4.A and 4.B.ii of Your Honor's Individual Rules of Practice, Paragraph 19 of the Stipulated Protective Order (ECF No. 95) and applicable law, I write on behalf of Novartis Pharmaceuticals Corporation and Novartis AG (together, "Novartis") requesting permission to file portions of certain documents under seal in connection with Plaintiffs' Motion for an Order Finding an At-Issue Waiver of Privilege and Work Product ("Plaintiffs' Motion") (ECF No. 357).

   Novartis respectfully requests that the Court issue an order sealing certain portions of the Exhibits to the Declaration of Dan Litvin in Support of Plaintiffs' Motion (the "Litvin Declaration") because they relate to a confidential license agreement regarding a Novartis product. Novartis has conferred with Plaintiffs and they take no position on whether or not the documents should be sealed.

   Under Rule 4.A of Your Honor's Individual Rules of Practice, a party must obtain the Court's authority to file documents under seal, which is appropriate if "closure is essential to preserve higher values and is narrowly tailored to serve that interest." *Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132, 144 (2d Cir. 2016) (quoting *In re N.Y. Times Co.*, 828 F.2d 110, 116 (2d Cir.1987)). While there is a "common law presumption in favor of permitting public access to judicial documents," the court must consider the "the privacy interests of those resisting disclosure." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110 (2d Cir. 2006). In particular, "privacy interests of innocent third parties . . . should weigh heavily in a court's balancing equation." *In re Savitt/Adler Litig.*, No. 95-CV-1842 (RSP/DRH), 1997 WL 797511, at *2 (N.D.N.Y. Dec. 23, 1997). "There is no established presumption of public access with respect to confidential settlement discussions and documents." *Travelers Indem. Co. v. Excalibur Reinsurance Corp.*, No. 3:11-CV-1209 CSH, 2013 WL 4012772, at *5 (D. Conn. Aug. 5, 2013). Rather, "[t]he Second Circuit has recognized

the value of confidentiality in settlement negotiations." *Id.* (approving redactions of exhibits containing confidential settlement discussions); *see also Refco Grp. Ltd., LLC v. Cantor Fitzgerald, L.P.*, No. 13 CIV. 1654 RA HBP, 2015 WL 4298572, at *5 (S.D.N.Y. July 15, 2015) (finding that the interest in maintaining "confidential information concerning an agreement with a non-party entity [] outweigh[ed] the public interest in access to the judicial documents").

The Court previously granted two similar motions to seal documents related to confidential settlement and license agreements regarding Novartis products. On October 26, 2020, Novartis filed a letter motion to seal portions of Plaintiffs' Rule 37 Motion to Compel Novartis to Designate a 30(b)(6) Witness ("Motion to Compel") (ECF No. 287), Novartis' Opposition to the Motion to Compel (ECF No. 294), and certain exhibits to both briefs because they quoted from or related to two confidential settlement and license agreements regarding Lotrel and another Novartis product. (ECF No. 292). Novartis subsequently filed a letter motion to seal portions of Plaintiffs' Reply in Support of Plaintiffs' Motion to Compel (ECF No. 300), which also discussed a confidential settlement and license agreement. (ECF No. 305). The Court granted those motions on October 28, 2020 (ECF No. 302) and November 6, 2020 (ECF No. 308), respectively.

The Exhibits to the Litvin Declaration were filed under seal on August 18, 2021. Certain of the Exhibits relate to the same confidential settlement and license agreements at issue in Novartis's October 26, 2020 and November 4, 2020 letter motions, which were granted by the Court. In particular, Exhibits 9 and 15 to the Litvin Declaration discuss Novartis's confidential license agreement with a third party regarding a Novartis product.[1] Novartis cannot disclose the existence of that agreement without the third party's consent.

Therefore, for the same reasons set forth in Novartis's prior letter motions (ECF Nos. 292, 305), Exhibits 9 and 15 to the Litvin Declaration should remain sealed in part. Novartis has filed those documents with appropriate redactions.

Novartis is available at the Court's convenience should Your Honor have any questions or wish to discuss this request.

Sincerely,

Julie A. North

---

[1] Exhibit 9 to the Litvin Declaration was already filed with redactions in connection with Novartis's motion to seal exhibits to the Motion to Compel, which the Court granted (*see* ECF Nos. 292, 298.2, 302).

[[DMS:5698023v4:08/25/2021--05:39 PM]]

3

The Honorable Alvin K. Hellerstein
   United States District Court
      Southern District of New York
         500 Pearl Street, Room 1050
           New York, New York 10007

BY ECF