The motion to seal is granted.
So ordered.
/s/ Alvin K. Hellerstein
March 3, 2022

LAW OFFICES
# WILLIAMS & CONNOLLY LLP

725 TWELFTH STREET, N.W.

WASHINGTON, D. C. 20005-5901

(202) 434-5000

FAX (202) 434-5029

R. CHET OTIS
(202) 434-5332
rcotis@wc.com

EDWARD BENNETT WILLIAMS (1920-1988)
PAUL R. CONNOLLY (1922-1978)

February 28, 2022

Re:  In re Novartis and Par Antitrust Litigation, 1:18-cv-04361-AKH

Dear Judge Hellerstein:

Pursuant to Rules 4.A and 4.B.ii of Your Honor's Individual Rules of Practice, Paragraph 19 of the Amended Stipulated Protective Order (the "Protective Order") (ECF Nos. 95, 415) and applicable law, I write on behalf of Par Pharmaceutical, Inc. ("Par") requesting permission to file certain documents under seal in connection with Plaintiffs' Motion to Compel Production of Documents (ECF Nos. 433, 434, 437, 439).  Par has conferred with Plaintiffs regarding this motion.  DPPs and EPPs take no position on the motion but reserve the right to file a response to this letter motion; Retailer Plaintiffs do not oppose Par's proposed redactions.

Under Rule 4.A of Your Honor's Individual Rules of Practice, a party must obtain the Court's authority to file documents under seal, which is appropriate if "closure is essential to preserve higher values and is narrowly tailored to serve that interest." *Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132, 144 (2d Cir. 2016) (quoting *In re N.Y. Times Co.*, 828 F.2d 110, 116 (2d Cir.1987)). While there is a "common law presumption in favor of permitting public access to judicial documents," the court must consider the "the privacy interests of those resisting disclosure." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110 (2d Cir. 2006).  Courts have recognized that "notwithstanding the presumption of public access to judicial records, courts may deny access to records that are sources of business information that might harm a litigant's competitive standing." *In re Parmalat Sec. Litig.*, 258 F.R.D. 236, 244 (S.D.N.Y. 2009) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598, 98 S. Ct. 1306, 1312, 55 L. Ed. 2d 570 (1978)).  For example, when documents "contain highly proprietary material concerning the defendants' marketing strategies, product development, costs and budgeting, [] the privacy interests of the defendants outweigh the presumption of public access." *GoSMiLE, Inc. v. Dr. Jonathan Levine, D.M.D. P.C.*, 769 F. Supp. 2d 630, 649–50 (S.D.N.Y. 2011) (finding it appropriate for materials to remain under seal); *see also United States v. Ferguson*, No. CRIM. 3:06CR137CFD, 2008 WL 113654, at *1 (D. Conn. Jan. 5, 2008) (granting motion to seal confidential business information "because the disclosure of this confidential information would cause undue harm to the businesses involved").  Moreover, where a public filing would reveal a party's privileged information, it must also remain under seal.  *See Utica Mutual Ins. Co. v. INA Reinsurance Co.*, No. 12-CV-194, 2012 WL 13028279, at *8 (N.D.N.Y June 12, 2012).

WILLIAMS & CONNOLLY LLP

February 28, 2022
Page 2

      Plaintiffs' Memorandum in Support of Plaintiffs' Motion to Compel Production of Documents, ECF No. 433 ("Plaintiffs' Motion"), contains discussions of a Par document reflecting Par's privileged information. Those discussions reveal the contents of Par's privileged information. As such, Par respectfully submits that Plaintiffs' Motion should remain sealed in part. Par has provided Plaintiffs its proposed redactions to Plaintiffs' Motion. Par's redactions are limited to those necessary to protect Par's privileged information.

      Exhibit 1, ECF No. 434-1, to the Declaration of Deborah A. Elman, ECF No. 434, includes confidential information concerning Par's portfolio of potential new product launches; the document relates almost exclusively to products other than generic Exforge. Much of this information is forward-looking and sensitive, disclosure of which would harm Par's competitive standing. Because individualized redaction of that information is impractical, Par respectfully submits that this document should remain sealed in its entirety.

      Defendants' Memorandum of Law in Opposition to Plaintiffs' Motion to Compel Production of Documents, ECF No. 437 ("Defendants' Opposition"), contains discussions of a Par document reflecting Par's privileged information. Those discussions reveal the contents of Par's privileged information. As such, Par respectfully submits that Defendants' Opposition should remain sealed in part. Novartis has filed a copy of Defendants' Opposition reflecting Par's proposed redactions contemporaneous with the filing of this motion (*see* ECF No. 457). Par's redactions are highlighted in green in the highlighted version. Par's redactions are limited to those necessary to protect Par's privileged information.

      Plaintiffs' Reply Memorandum of Law in Further Support of Plaintiffs' Motion to Compel Production of Documents, ECF No. 439 ("Plaintiffs' Reply"), contains discussions of a Par document reflecting Par's privileged information. Those discussions reveal the contents of Par's privileged information. As such, Par respectfully submits that Plaintiffs' Reply should remain sealed in part. Par has provided Plaintiffs its proposed redactions to Plaintiffs' Reply. Par's redactions are limited to those necessary to protect Par's privileged information.

      Par is available at the Court's convenience should Your Honor have any questions or wish to discuss these requests.

                                  Sincerely,

                                  */s/ R. Chet Otis*

The Honorable Alvin K. Hellerstein
United States District Court
Southern District of New York
500 Pearl Street, Room 1050
New York, New York 10007

WILLIAMS & CONNOLLY LLP

February 28, 2022
Page 3

BY ECF