The motion to seal is granted.
So ordered.
/s/ Alvin K. Hellerstein
March 3, 2022

# CRAVATH, SWAINE & MOORE LLP

WORLDWIDE PLAZA
825 EIGHTH AVENUE
NEW YORK, NY 10019-7475

TELEPHONE: +1-212-474-1000
FACSIMILE: +1-212-474-3700

———

CITYPOINT
ONE ROPEMAKER STREET
LONDON EC2Y 9HR
TELEPHONE: +44-20-7453-1000
FACSIMILE: +44-20-7860-1150

———

WRITER'S DIRECT DIAL NUMBER
+1-212-474-1934

WRITER'S EMAIL ADDRESS
rskaistis@cravath.com

JOHN W. WHITE
EVAN R. CHESLER
STEPHEN L. GORDON
ROBERT H. BARON
CHRISTINE A. VARNEY
PETER T. BARBUR
MICHAEL S. GOLDMAN
RICHARD HALL
STEPHEN L. BURNS
KATHERINE B. FORREST
KEITH R. HUMMEL
DAVID J. KAPPOS
DANIEL SLIFKIN
ROBERT I. TOWNSEND, III
PHILIP J. BOECKMAN
RONALD E. CREAMER JR.
WILLIAM V. FOGG
FAIZA J. SAEED
THOMAS E. DUNN
MARK I. GREENE
DAVID R. MARRIOTT
MICHAEL A. PASKIN
ANDREW J. PITTS
MICHAEL T. REYNOLDS
ANTONY L. RYAN
GEORGE E. ZOBITZ
GEORGE A. STEPHANAKIS
GARY A. BORNSTEIN

TIMOTHY G. CAMERON
KARIN A. DEMASI
DAVID S. FINKELSTEIN
RACHEL G. SKAISTIS
PAUL H. ZUMBRO
ERIC W. HILFERS
GEORGE F. SCHOEN
ERIK R. TAVZEL
CRAIG F. ARCELLA
LAUREN ANGELILLI
TATIANA LAPUSHCHIK
ALYSSA K. CAPLES
MINH VAN NGO
KEVIN J. ORSINI
MATTHEW MORREALE
JOHN D. BURETTA
J. WESLEY EARNHARDT
YONATAN EVEN
BENJAMIN GRUENSTEIN
JOSEPH D. ZAVAGLIA
STEPHEN M. KESSING
LAUREN A. MOSKOWITZ
DAVID J. PERKINS
J. LEONARD TETI, II
D. SCOTT BENNETT
TING S. CHEN
CHRISTOPHER K. FARGO
DAVID M. STUART

AARON M. GRUBER
O. KEITH HALLAM, III
OMID H. NASAB
DAMARIS HERNÁNDEZ
JONATHAN J. KATZ
DAVID L. PORTILLA
RORY A. LERARIS
MARGARET T. SEGALL
DANIEL K. ZACH
NICHOLAS A. DORSEY
ANDREW C. ELKEN
JENNY HOCHENBERG
VANESSA A. LAVELY
G.J. LIGELIS JR.
MICHAEL E. MARIANI
LAUREN R. KENNEDY
SASHA ROSENTHAL-LARREA
ALLISON M. WEIN
MICHAEL P. ADDIS
JUSTIN C. CLARKE
SHARONMOYEE GOSWAMI
C. DANIEL HAAREN
EVAN MEHRAN NORRIS
LAUREN M. ROSENBERG
MICHAEL L. ARNOLD
HEATHER A. BENJAMIN
MATTHEW J. BOBBY
DANIEL J. CERQUEIRA

ALEXANDRA C. DENNING
HELAM GEBREMARIAM
MATTHEW G. JONES
MATTHEW M. KELLY
DAVID H. KORN
BRITTANY L. SUKIENNIK
ANDREW M. WARK
ANDREW T. DAVIS
DOUGLAS DOLAN
SANJAY MURTI
BETHANY A. PFALZGRAF
MATTHEW L. PLOSZEK
ARVIND RAVICHANDRAN

———

PARTNER EMERITUS
SAMUEL C. BUTLER

———

OF COUNSEL
MICHAEL L. SCHLER
CHRISTOPHER J. KELLY
KIMBERLEY S. DREXLER
LILLIAN S. GROSSBARD
KIMBERLY A. GROUSSET
ANDREI HARASYMIAK
JESSE M. WEISS
MICHAEL J. ZAKEN

February 28, 2022

<u>In re Novartis and Par Antitrust Litigation, 1:18-cv-04361-AKH</u>

Dear Judge Hellerstein:

   Pursuant to Rules 4.A and 4.B.ii of Your Honor's Individual Rules of Practice, Paragraph 19 of the Stipulated Protective Order (ECF No. 95) as amended (ECF No. 415) and applicable law, I write on behalf of Novartis Pharmaceuticals Corporation and Novartis AG (together, "Novartis") to request that portions of certain documents filed in connection with the Memorandum in Support of Plaintiffs' Motion to Compel Production of Documents (ECF No. 433, "Plaintiffs' Motion") and the associated opposition and reply papers (ECF Nos. 437, 439) remain under seal.

   Novartis respectfully requests that the Court issue an order sealing certain portions of Plaintiffs' Motion; Exhibit 2 to the Declaration of Deborah A. Elman in Support of Plaintiffs' Motion (ECF No. 434-2, "Exhibit 2"); the Memorandum of Law in Opposition to Plaintiffs' Motion (ECF No. 437, "Defendants' Opposition"); Exhibits A and E to the Declaration of Rachel Skaistis in Support of Defendants' Opposition (ECF Nos. 438-1, "Exhibit A", 438-5, "Exhibit E"); and the Memorandum of Law in Further Support of Plaintiffs' Motion (ECF No. 439, "Plaintiffs' Reply") because they contain information related to confidential settlement and license agreements regarding Novartis products and information that Novartis maintains is protected by the attorney work-product doctrine.  Novartis has conferred with Plaintiffs regarding this motion.  DPPs and EPPs take no position on Novartis's redactions but reserve the right to respond to this motion.  Retailer Plaintiffs do not oppose Novartis's redactions.

   Under Rule 4.A of Your Honor's Individual Rules of Practice, a party must obtain the Court's authority to file documents under seal, which is appropriate if "closure is essential to preserve higher values and is narrowly tailored to serve that interest."  *Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132, 144 (2d Cir. 2016) (quoting *In re N.Y. Times Co.*, 828 F.2d 110, 116 (2d Cir.1987)).  While there is a "common law presumption in favor of permitting public access to judicial

documents", the court must consider the "the privacy interests of those resisting disclosure". *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110 (2d Cir. 2006). This privacy interest extends to settlement and license agreements because the interest in maintaining "confidential information concerning an agreement with a non-party entity [] outweigh[s] the public interest in access to the judicial documents". *Refco Grp. Ltd., LLC v. Cantor Fitzgerald, L.P.*, No. 13 CIV. 1654 RA HBP, 2015 WL 4298572, at *5 (S.D.N.Y. July 15, 2015). Plaintiffs' Motion and the referenced exhibits relate to certain of the same confidential settlement and license agreements at issue in Novartis's prior motions to seal, which were granted by the Court. *See* ECF Nos. 302, 308, 365. In particular, Exhibit 2 discusses the terms of Novartis's settlement agreement with Teva concerning Lotrel, which are confidential, and references Novartis's confidential license agreements with multiple third parties regarding multiple Novartis products. Plaintiffs' Motion and Exhibits A and E refer to one confidential license agreement with a third party that was the subject of Novartis's prior motions to seal. Under its agreements, Novartis may not disclose the terms of the Lotrel settlement agreement, nor the existence or terms of its other agreements with third parties.

Additionally, "courts in this District have routinely kept under seal . . . privileged and confidential documents." *Moshell v. Sasol Ltd.*, No. 120CV01008JPCSDNY, 2021 WL 67107, at *1 (S.D.N.Y. Jan. 4, 2021); *see also Ottoson v. SMBC Leasing & Fin., Inc.*, No. 13-CV-1521 (JPO), 2021 WL 839437, at *3 (S.D.N.Y. Mar. 5, 2021) ("Because the redacted portions of the [documents] contain attorney work product and attorney-client communications, the Court grants Defendants' motion to seal."). Plaintiffs' Motion, Defendants' Opposition and Plaintiffs' Reply contain details of a document that is the subject of Plaintiffs' Motion, which Novartis inadvertently produced and clawed back as attorney work product. That information is protected and should not be disclosed publicly.

For the foregoing reasons, Novartis respectfully requests that Plaintiffs' Motion, Exhibit 2, Defendants' Opposition, Exhibits A and E and Plaintiffs' Reply should remain sealed in part. Novartis and Plaintiffs have filed these documents with appropriate redactions. In the documents filed by Novartis, Novartis's redactions are highlighted in yellow.

Novartis is available at the Court's convenience should Your Honor have any questions or wish to discuss this request.

Sincerely,

Rachel G. Skaistis

The Honorable Alvin K. Hellerstein
United States District Court
Southern District of New York
500 Pearl Street, Room 1050
New York, New York 10007

BY ECF