# CRAVATH, SWAINE & MOORE LLP

JOHN W. WHITE
EVAN R. CHESLER
STEPHEN L. GORDON
ROBERT H. BARON
CHRISTINE A. VARNEY
PETER T. BARBUR
MICHAEL S. GOLDMAN
RICHARD HALL
STEPHEN L. BURNS
KATHERINE B. FORREST
KEITH R. HUMMEL
DAVID J. KAPPOS
DANIEL SLIFKIN
ROBERT I. TOWNSEND, III
PHILIP J. BOECKMAN
RONALD E. CREAMER JR.
WILLIAM V. FOGG
FAIZA J. SAEED
THOMAS E. DUNN
MARK I. GREENE
DAVID R. MARRIOTT
MICHAEL A. PASKIN
ANDREW J. PITTS
MICHAEL T. REYNOLDS
ANTONY L. RYAN
GEORGE E. ZOBITZ
GEORGE A. STEPHANAKIS
GARY A. BORNSTEIN

TIMOTHY G. CAMERON
KARIN A. DEMASI
DAVID S. FINKELSTEIN
RACHEL G. SKAISTIS
PAUL H. ZUMBRO
ERIC W. HILFERS
GEORGE F. SCHOEN
ERIK R. TAVZEL
CRAIG F. ARCELLA
LAUREN ANGELILLI
TATIANA LAPUSHCHIK
ALYSSA K. CAPLES
MINH VAN NGO
KEVIN J. ORSINI
MATTHEW MORREALE
JOHN D. BURETTA
J. WESLEY EARNHARDT
YONATAN EVEN
BENJAMIN GRUENSTEIN
JOSEPH D. ZAVAGLIA
STEPHEN M. KESSING
LAUREN A. MOSKOWITZ
DAVID J. PERKINS
J. LEONARD TETI, II
D. SCOTT BENNETT
TING S. CHEN
CHRISTOPHER K. FARGO
DAVID M. STUART

WORLDWIDE PLAZA
825 EIGHTH AVENUE
NEW YORK, NY 10019-7475

TELEPHONE: +1-212-474-1000
FACSIMILE: +1-212-474-3700

———

CITYPOINT
ONE ROPEMAKER STREET
LONDON EC2Y 9HR
TELEPHONE: +44-20-7453-1000
FACSIMILE: +44-20-7860-1150

WRITER'S DIRECT DIAL NUMBER
+1-212-474-1934

WRITER'S EMAIL ADDRESS
rskaistis@cravath.com

AARON M. GRUBER
O. KEITH HALLAM, III
OMID H. NASAB
DAMARIS HERNÁNDEZ
JONATHAN J. KATZ
DAVID L. PORTILLA
RORY A. LERARIS
MARGARET T. SEGALL
DANIEL K. ZACH
NICHOLAS A. DORSEY
ANDREW C. ELKEN
JENNY HOCHENBERG
VANESSA A. LAVELY
G.J. LIGELIS JR.
MICHAEL E. MARIANI
LAUREN R. KENNEDY
SASHA ROSENTHAL-LARREA
ALLISON M. WEIN
MICHAEL P. ADDIS
JUSTIN C. CLARKE
SHARONMOYEE GOSWAMI
C. DANIEL HAAREN
EVAN MEHRAN NORRIS
LAUREN M. ROSENBERG
MICHAEL L. ARNOLD
HEATHER A. BENJAMIN
MATTHEW J. BOBBY
DANIEL J. CERQUEIRA

ALEXANDRA C. DENNING
HELAM GEBREMARIAM
MATTHEW G. JONES
MATTHEW M. KELLY
DAVID H. KORN
BRITTANY L. SUKIENNIK
ANDREW M. WARK
ANDREW T. DAVIS
DOUGLAS DOLAN
SANJAY MURTI
BETHANY A. PFALZGRAF
MATTHEW L. PLOSZEK
ARVIND RAVICHANDRAN
————————
PARTNER EMERITUS
SAMUEL C. BUTLER
————————
OF COUNSEL
MICHAEL L. SCHLER
CHRISTOPHER J. KELLY
KIMBERLEY S. DREXLER
LILLIAN S. GROSSBARD
KIMBERLY A. GROUSSET
ANDREI HARASYMIAK
JESSE M. WEISS
MICHAEL J. ZAKEN

March 7, 2022

<u>In re Novartis and Par Antitrust Litigation, 1:18-cv-04361-AKH</u>

Dear Judge Hellerstein:

    Pursuant to Rules 4.A and 4.B.ii of Your Honor's Individual Rules of Practice, Paragraph 19 of the Stipulated Protective Order (ECF No. 95) as amended (ECF No. 415) and applicable law, I write on behalf of Novartis Pharmaceuticals Corporation and Novartis AG (together, "Novartis") to request that certain documents and portions of certain documents filed in connection with the parties' briefing on *Daubert* motions remain under seal. Novartis has conferred with Plaintiffs and they take no position on whether or not the documents should be sealed.

    In particular, Novartis respectfully requests that the Court issue an order sealing certain portions of Exhibits A, B, C and D to the Declaration of Rachel G. Skaistis in support of Defendants' Motion to Exclude the Testimony of Luis Molina and Donald Allen (ECF Nos. 401-2, "M&A Skaistis Exhibit A", 401-3, "M&A Skaistis Exhibit B", 401-4, "M&A Skaistis Exhibit C", 401-5, "M&A Skaistis Exhibit D"); Exhibit A to the Declaration of Rachel G. Skaistis in support of Defendants' Motion to Exclude the Testimony of Dr. Rena Conti (ECF No. 402-2, "Conti Skaistis Exhibit A")[1]; Exhibits 2, 4, 21, 37, 39, 40, 44, 59, 60, 75, 76, 80, 81, 82, 83, 84, 85, 86, 87, 88, 91, 92, 93, 94, 95, 96, and 97 to the Declaration of Dan Litvin in support of Plaintiffs' Motions to Exclude Certain Expert Testimony (ECF Nos. 409-2, "Litvin Exhibit 2", 409-4, "Litvin Exhibit 4", 409-21, "Litvin Exhibit 21", 409-37, "Litvin Exhibit 37", 409-39, "Litvin Exhibit 39", 409-40, "Litvin Exhibit 40", 409-44, "Litvin Exhibit 44", 409-59, "Litvin Exhibit 59", 409-60, "Litvin Exhibit 60", 409-75, "Litvin Exhibit 75", 409-76, "Litvin Exhibit 76", 409-80, "Litvin Exhibit 80", 409-81, "Litvin Exhibit 81", 409-82, "Litvin Exhibit 82", 409-83, "Litvin Exhibit 83", 409-84, "Litvin Exhibit 84", 409-85,

---

[1] The filed version of this document contains redactions from Novartis (highlighted in yellow) and End Payor Plaintiffs (highlighted in green).

"Litvin Exhibit 85", 409-86, "Litvin Exhibit 86", 409-87, "Litvin Exhibit 87", 409-88, "Litvin Exhibit 88", 409-91, "Litvin Exhibit 91", 409-92, "Litvin Exhibit 92", 409-93, "Litvin Exhibit 93", 409-94, "Litvin Exhibit 94", 409-95, "Litvin Exhibit 95", 409-96, "Litvin Exhibit 96", 409-97, "Litvin Exhibit 97"); Memorandum of Law in Support of Plaintiffs' Motion to Exclude Certain Opinions of Defendants' Experts Mark Robbins, Laurence Baker and Phillip Johnson Purporting to Interpret Defendants' Agreement (ECF No. 410, "Plaintiffs' Motion to Exclude Robbins, Baker and Johnson"); Exhibits 6 and 18 to the Declaration of Barry L. Refsin in support of Retailer Plaintiffs' Opposition to Defendants' Motion To Exclude Testimony of Keith Leffler (ECF Nos. 427-7, "Refsin Exhibit 6", 427-19, "Refsin Exhibit 18"); Plaintiffs' Opposition to Defendants' Motion to Exclude, in part, the Testimony of Mr. Glen Belvis and Dr. Stephen Byrn (ECF No. 436, "Plaintiffs' Belvis and Byrn Opposition"); and Exhibits 19, 20, 21 and 36 to the Declaration of J. Boone Baxter in support of Plaintiffs' Opposition to Defendants' Motion to Exclude, In Part, the Testimony of Mr. Glen Belvis and Dr. Stephen Byrn (ECF Nos. 436-20, "Boone Exhibit 19", 436-21, "Boone Exhibit 20", 436-22, "Boone Exhibit 21", 436-37, "Boone Exhibit 36") because they contain information related to confidential settlement and license agreements regarding Novartis products, information related to Novartis's strategic decision-making, personally identifying information including home addresses and phone numbers, information that could do reputational harm to Novartis, and information that Novartis maintains is protected by the attorney work-product doctrine. Novartis and Plaintiffs have filed these documents with appropriate redactions.

Novartis further requests that the Court issue an order sealing entirely Exhibits 34, 35, 36, 38, 41 and 89 to the Declaration of Dan Litvin in support of Plaintiffs' Motions to Exclude Certain Expert Testimony (ECF Nos. 409-34, "Litvin Exhibit 34", 409-35, "Litvin Exhibit 35", 409-36, "Litvin Exhibit 36", 409-38, "Litvin Exhibit 38", 409-41, "Litvin Exhibit 41", 409-89, "Litvin Exhibit 89"); Exhibit 5 to the Declaration of Barry L. Refsin in support of Retailer Plaintiffs' Opposition to Defendants' Motion To Exclude Testimony of Keith Leffler (ECF No. 427-6, "Refsin Exhibit 5"); and Exhibits 35, 37, 38, 39 and 40 to the Declaration of J. Boone Baxter in support of Plaintiffs' Opposition to Defendants' Motion to Exclude, In Part, the Testimony of Mr. Glen Belvis and Dr. Stephen Byrn (ECF Nos. 436-36, "Boone Exhibit 35", 436-38, "Boone Exhibit 37", 436-39, 436-40, 436-41, 436-42, "Boone Exhibit 38", 436-43, "Boone Exhibit 39", 436-44, "Boone Exhibit 40") because they contain information related to Novartis's strategic decision-making.

Under Rule 4.A of Your Honor's Individual Rules of Practice, a party must obtain the Court's authority to file documents under seal, which is appropriate if "closure is essential to preserve higher values and is narrowly tailored to serve that interest." *Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132, 144 (2d Cir. 2016) (quoting *In re N.Y. Times Co.*, 828 F.2d 110, 116 (2d Cir.1987)). While there is a "common law presumption in favor of permitting public access to judicial documents", the court must consider the "the privacy interests of those resisting disclosure". *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110 (2d Cir. 2006). This privacy interest extends to settlement agreements because the interest in maintaining "confidential information concerning an agreement with a non-party entity [] outweigh[s]

the public interest in access to the judicial documents"). *Refco Grp. Ltd., LLC v. Cantor Fitzgerald, L.P.*, No. 13 CIV. 1654 RA HBP, 2015 WL 4298572, at *5 (S.D.N.Y. July 15, 2015). This Court previously granted four similar motions to seal documents related to confidential settlement and license agreements between Novartis and third parties. *See* ECF Nos. 302, 308, 365, 464. M&A Skaistis Exhibits A, B, C and D, Conti Skaistis Exhibit A, Litvin Exhibits 60, 75, 76, 83 and 97, Plaintiffs' Motion to Exclude Robbins, Baker and Johnson, Refsin Exhibit 18, Boone Exhibits 19, 20 and 21 and Plaintiffs' Belvis and Byrn Opposition disclose information related to certain of the same confidential settlement and license agreements at issue in Novartis's prior motions to seal, which were granted by the Court. Specifically, those documents discuss the terms of Novartis's settlement agreement with Teva concerning Lotrel and other license agreements between Novartis and multiple third parties. Under its agreements, Novartis may not disclose the terms of the Lotrel settlement agreement, nor the existence or terms of its other agreements with third parties.

Courts have also regularly sealed documents containing a company's strategic plans because "[c]onfidential business information dating back even a decade or more may provide valuable insights into a company's current business practices that a competitor would seek to exploit." *Encyclopedia Brown Prods. v. Home Box Office*, 26 F. Supp. 2d 606, 614 (S.D.N.Y. 1998); *see also City of Providence v. BATS Global Markets, Inc.*, 2022 WL 539438, at *3 (S.D.N.Y. Feb. 23, 2022) (allowing defendants to seal a document that "reflect[ed] nonpublic technical and financial strategies of [the company] still in use today"). Novartis respectfully requests that Litvin Exhibits 34, 35, 36, 38, 41 and 89, Refsin Exhibit 5 and Boone Exhibits 35, 37, 38, 39 and 40 remain sealed in their entirety because they contain non-public, strategic information reflecting the company's decision-making process concerning product launches, mergers and acquisitions, and marketing that could be exploited by competitors if disclosed. Novartis requests that M&A Skaistis Exhibits A and B, Litvin Exhibits 21, 37, 39, 40, 75, 87, 88, 92, 93, 94, Refsin Exhibit 6 and Boone Exhibit 36 remain sealed in part for the same reason.

Additionally, it is appropriate to redact documents where necessary to "prevent the unauthorized dissemination of personal information" or to prevent "damage [to the company's] business reputation." *Kassman v. KPMG LLP*, No. 11 CIV. 3743 (LGS), 2021 WL 3047045, at *1 (S.D.N.Y. July 20, 2022); *John Wiley & Sons, Inc. v. Book Dog Books*, LLC, No. 13CV816, 2018 WL 8996333, at *1 (S.D.N.Y. Mar. 5, 2018); *see also Anderson v. New York City Health & Hosps. Corp.*, No. 16CV1051GBDKHP, 2020 WL 1047054, at *3 (S.D.N.Y. Mar. 4, 2020) (holding that redaction of "employee's address, social security number, [and] phone number.... vindicate[d] the privacy interest a third-party has in sensitive personal information"). Litvin Exhibits 2, 4, 40, 44, 59, 60, 80, 81, 82, 83, 84, 85, 86, 87, 88, 91, 92, 94, 95, 96, 97 contain personally identifying information that should remain under seal, and M&A Skaistis Exhibits B and D contain information that, if released, could do harm to Novartis's reputation.

Finally, "courts in this District have routinely kept under seal . . . privileged and confidential documents." *Moshell v. Sasol Ltd.*, No.

120CV01008JPCSDNY, 2021 WL 67107, at *1 (S.D.N.Y. Jan. 4, 2021); *see also Ottoson v. SMBC Leasing & Fin., Inc.*, No. 13-CV-1521 (JPO), 2021 WL 839437, at *3 (S.D.N.Y. Mar. 5, 2021) ("Because the redacted portions of the [documents] contain attorney work product and attorney-client communications, the Court grants Defendants' motion to seal."). Plaintiffs' Belvis and Byrn Opposition and Boone Exhibit 19 contain information which Novartis inadvertently produced and clawed back as attorney work product, and which this Court previously ordered sealed. *See* ECF No. 464.

Novartis is available at the Court's convenience should Your Honor have any questions or wish to discuss this request.

Sincerely,

*/s/ Rachel Skaistis*

Rachel G. Skaistis

The Honorable Alvin K. Hellerstein
   United States District Court
      Southern District of New York
         500 Pearl Street, Room 1050
            New York, New York 10007

BY ECF