UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- X
:
:
:
:   **ORDER GRANTING MOTIONS**
:   **TO SEAL**
IN RE NOVARTIS AND PAR ANTITRUST    :
LITIGATION   :   18 Civ. 4361 (AKH)
:
:
:
:
-------------------------------------------------------------- X

ALVIN K. HELLERSTEIN, U.S.D.J.:

      There are currently multiple motions to seal pending before me. In ECF Nos. 468 and 472, Plaintiffs request to seal and redact certain documents in connection with *Daubert* motions. Similarly, in ECF Nos. 747 and 485 Defendants request to seal and redact documents in connection with *Daubert* motions. In connection with class certification, Plaintiffs, Defendants, and various non-parties request to seal certain documents and redact portions of documents, as follows:

- ECF No. 514, filed by Defendant Par Pharmaceutical, Inc.;
- ECF No. 517, filed by non-party AmerisourceBergen Drug Corporation;
- ECF No. 518, filed by Plaintiff CVS Pharmacy, Inc.;
- ECF No. 519, filed by Plaintiffs Walgreen Co. and H-E-B, L.P.;
- ECF No. 520, filed by Defendants Novartis Pharmaceuticals Corporation and Novartis AG;
- ECF No. 521, filed by non-party Cardinal Health, Inc.;
- ECF No. 525, filed by End-Payor Plaintiffs;
- ECF Nos. 529 and 542, filed by non-party Express Scripts, Inc.;
- ECF No. 533, filed by Direct Purchaser Class Plaintiffs;
- ECF No. 534, Ex. A, filed by Direct Purchaser Class Plaintiffs on behalf of McKesson Corporation; and
- ECF Nos. 536, filed by non-party Mylan Pharmaceuticals, Inc.

No party or non-party objects to the requests made in any of the above-referenced motions to seal.

In order to "overcome the First Amendment right of access," the proponent of sealing judicial documents bears the burden of showing that "closure is essential to preserve higher values and is narrowly tailored to serve that interest." *Bernstein v. Bernstein Litowitz Berger & Grossman LLP*, 814 F.3d 132, 144 (2d Cir. 2016) (quoting *In re N.Y. Times Co.*, 828 F.2d 110, 116 (2d Cir. 1987)).  In particular, the need to maintain secrecy for sensitive business information and practices can "outweigh the presumption of public access." *SEC v. Telegram Grp. Inc.*, 2020 WL 3264264, at *1 (S.D.N.Y. June 17, 2020) (citing *United States v. Amodeo*, 71 F.3d 1044, 1051 (2d Cir. 1995)).  For example, a proponent can demonstrate it has overcome the presumption of public access by showing the documents in question "contain highly proprietary material concerning . . . marketing strategies, product development, costs and budgeting."  *GoSMiLE, Inc. v. Dr. Jonathan Levine, D.M.D. P.C.*, 769 F. Supp. 2d 630, 649–50 (S.D.N.Y. 2011).

With respect to each motion, I have reviewed the applicable letter request, supporting declarations, and exhibits, and conclude that maintaining the requested documents and redactions under seal is warranted.

Accordingly, the requests to seal are granted.  The Clerk shall terminate ECF Nos. 468, 472, 474, 485, 514, 517, 518, 519, 520, 521, 525, 529, 533, 536, and 542.

SO ORDERED.

Dated:     May 25, 2022                             _____/s/_____
           New York, New York              ALVIN K. HELLERSTEIN
                                           United States District Judge