UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE: NOVARTIS AND PAR ANTITRUST LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br>All Direct Purchaser Class Actions | Case No. 1:18-cv-04361 (AKH) |

## [PROPOSED] ORDER GRANTING DIRECT PURCHASER CLASS PLAINTIFFS' UNOPPOSED MOTION FOR CERTIFICATION OF A SETTLEMENT CLASS, APPOINTMENT OF CLASS COUNSEL, PRELIMINARY APPROVAL OF PROPOSED SETTLEMENT, APPROVAL OF THE FORM AND MANNER OF NOTICE TO THE CLASS AND PROPOSED SCHEDULE FOR A FAIRNESS HEARING

Upon review and consideration of Direct Purchaser Class Plaintiffs' Unopposed Motion for Certification of a Settlement Class, Appointment of Class Counsel, Preliminary Approval of Proposed Settlement, Approval of the Form and Manner of Notice to the Class, Proposed Schedule for a Fairness Hearing, and exhibits thereto, and any hearing thereon, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that said motion is GRANTED as follows:

### Jurisdiction

1. This Order hereby incorporates by reference the definitions in the Settlement Agreement among Novartis, Named Plaintiffs, and the Direct Purchaser Class, and all capitalized terms used and not otherwise defined herein shall have the meanings set forth in the Settlement Agreement.

2. This Court has jurisdiction over each of the named plaintiffs, Drogueria Betances, LLC ("Betances"), Rochester Drug Co-Operative, Inc. ("RDC"), FWK Holdings, LLC ("FWK") and KPH Healthcare Services, Inc., a/k/a Kinney Drugs, Inc. ("KPH") (collectively the "Named Plaintiffs" or "Direct Purchaser Class Plaintiffs") and Novartis Pharmaceuticals Corporation and Novartis AG (collectively "Novartis"), and jurisdiction over the litigation to which Direct Purchaser Class Plaintiffs and Novartis are parties.

## Certification of the Proposed Class

The Court makes the following determinations as required by Federal Rule of Civil Procedure 23 solely in connection with the proposed settlement:

3. Pursuant to Rule 23(c)(1)(B), the Class, which shall hereinafter be denominated "the Class," is defined as follows:

> All persons or entities in the United States, including its territories, possessions, and the Commonwealth of Puerto Rico, who purchased Exforge directly from Novartis, or who purchased a generic version of Exforge directly from Par, at any time during the Class Period from September 21, 2012, until March 30, 2015. ("Exforge Direct Purchasers"). Excluded from the Class are Novartis and Par and their officers, directors, management and employees, predecessors, subsidiaries and affiliates, and all federal governmental entities.
>
> Also excluded from the Class for purposes of this Settlement Agreement are the following entities: CVS Pharmacy, Inc. (which includes Omnicare), Rite Aid Corporation, Rite Aid Hdqtrs. Corp., Walgreen Co., The Kroger Co. (which includes Peytons), and H-E-B L.P. ("Retailer Plaintiffs").

4. Pursuant to Rule 23(a)(1), the Court determines that the Class is so numerous and geographically dispersed that joinder of all members is impracticable. The Class has (at least) 50 members geographically dispersed throughout the United States, which is sufficient to satisfy the impracticality of joinder requirement of Rule 23(a)(l).

5. Pursuant to Rule 23(c)(l)(B), the Court determines that the following issues relating to claims and/or defenses (expressed in summary fashion) present common, class-wide questions:

    a. whether Novartis and Par Pharmaceutical, Inc. ("Par") conspired to suppress generic competition to Exforge;

    b. whether Par agreed to delay its entry into the market with generic Exforge;

    c. whether Novartis made a large reverse payment to Par;

       d.     whether Novartis's reverse payment to Par was for a purpose other than the delayed entry of generic Exforge;

       e.     whether Novartis's reverse payment to Par and Par's associated delayed launch of generic Exforge were reasonably necessary to yield and/or were the least restrictive means of yielding a procompetitive benefit that is cognizable and non-pretextual;

       f.     whether Novartis's challenged conduct is illegal under the antitrust rule of reason;

       g.     whether Novartis's challenged conduct suppressed generic competition to Exforge;

       h.     whether Novartis possessed market or monopoly power over Exforge;

       i.     to the extent a relevant market must be defined, what that definition is;

       j.     whether the activities of Novartis's have substantially affected interstate commerce;

       k.     whether, and to what extent, Novartis's conduct caused antitrust injury (overcharges) to Direct Purchaser Class Plaintiffs and the Direct Purchaser Class; and

       l.     the quantum of overcharge damages paid by the Direct Purchaser Class in the aggregate.

     6.     The Court determines that the foregoing class wide issues relating to claims and/or defenses are questions of law or fact common to the Class that satisfy Rule 23(a)(2).

     7.     The Named Plaintiffs are hereby appointed as representatives of the Class, for the following reasons:

  a. The Named Plaintiffs allege, on behalf of the Class, the same manner of injury from the same course of conduct that they complain of themselves, and assert on their own behalf the same legal theory that they assert for the Class. The Court therefore determines that the Named Plaintiffs' claims are typical of the claims of the proposed Class within the meaning of Rule 23(a)(3); and

  b. Pursuant to Rule 23(a)(4), the Court determines that the Named Plaintiffs Betances, RDC, FWK, and KPH will fairly and adequately protect the interests of the Class. The Named Plaintiffs' interests do not conflict with the interests of absent members of the Class. All of the members of the Class share a common interest in proving Novartis's and Par's alleged anticompetitive conduct, and all Class Members share a common interest in recovering the overcharge damages sought in the Complaint. Moreover, the Class is made up of business entities and any Class Member that wishes to opt out will be given an opportunity to do so. Furthermore, the Named Plaintiffs are well qualified to represent the Class in this case, given their experience in prior cases, and the vigor with which they have prosecuted this action thus far.

8. Pursuant to Rule 23(b)(3), the Court determines that, in connection with and solely for purposes of settlement, common questions of law and fact predominate over questions affecting only individual members. In light of the classwide claims, issues, and defenses set forth above, the issues in this action that are subject to generalized proof, and thus applicable to the

- 4 -

Class as a whole, predominate over those issues that are subject only to individualized proof. *See Sykes v. Mel S. Harris & Assocs. LLC,* 780 F.3d 70, 81-82 (2d Cir. 2015).

9. Also pursuant to Rule 23(b)(3), the Court determines that, in connection with and solely for purposes of settlement, a class action is superior to other available methods for the fair and efficient adjudication of this action. The Court believes it is desirable, for purposes of judicial and litigation efficiency, to concentrate the claims of the Class in a single action. The Court also believes that there are few manageability problems presented by a case such as this, particularly in light of the Settlement preliminarily approved in this Order.

10. Pursuant to Fed. R. Civ. P. 23(c)(l)(B) and 23(g), the Court having considered the factors provided in Rule 23(g)(1)(A), the Court appoints Garwin Gerstein & Fisher LLP as lead counsel, having previously appointed that firm as interim lead counsel on August 3, 2018. ECF No. 59 ¶ 8.

### Preliminary Approval of the Proposed Settlement

11. Pursuant to Rule 23(e)(1)(B)(i), the Court finds that it will likely be able to approve the Settlement under Rule 23(e)(2), and therefore preliminarily approves the Settlement as set forth in the Settlement Agreement, including the releases contained therein, as being fair, reasonable and adequate to the Class based on the relevant factors under Rule 23(e)(2) and *City of Detroit v. Grinnell Corporation,* 495 F.2d 448, 463 (2d Cir. 1974), subject to the right of any class member to challenge the fairness, reasonableness or adequacy of the Settlement Agreement and to show cause, if any exists, why a final judgment dismissing the Action against Novartis, and ordering the release of the Released Claims against Releasees, should not be entered after due and adequate notice to the Class as set forth in the Settlement Agreement and after a hearing on final approval.

12.     The Court finds that the proposed settlement, which includes a cash payment of $126,850,000 by Novartis into an escrow account for the benefit of the Class (the "Settlement Fund") in exchange for, *inter alia,* dismissal of the litigation between Direct Purchaser Class Plaintiffs and Novartis with prejudice and releases of certain claims against Novartis by Direct Purchaser Class Plaintiffs and the Class, as set forth in the Settlement Agreement, was arrived at by arm's-length negotiations by highly experienced counsel after years of litigation and a mediation led by experienced mediator Eric D. Green, falls within the range of possibly approvable settlements, and is hereby preliminarily approved, subject to further consideration at the Fairness Hearing provided for below.

### Approval of the Plan of Notice to the Class and Plan of Allocation

13.     The proposed form of Notice to Class Members of the pendency of this Class Action and the proposed Settlement thereof (annexed as Exhibit B to the Settlement Agreement) satisfies the requirements of Rule 23(e) and due process, is otherwise fair and reasonable, and therefore is approved. Class Counsel shall cause the Notice substantially in the form attached to the Settlement Agreement to be disseminated by 1/23/23, 2023 (15 days following the entry of this Order) via first-class mail to the last known address of each entity that purchased Exforge and/or generic Exforge directly from Novartis and Par respectively during the Class Period.  *AKH*

14.     Members of the Class may request exclusion from the Class or object to the Settlement no later than 3/9/23, 2023 (45 days from the date that the Notice is mailed to each member of the Class). Class Counsel or their designee shall monitor and record any and all opt-out requests that are received.  *AKH*

15.     Pursuant to the Class Action Fairness Act of 2005 ("CAFA") Novartis shall serve notices as required under CAFA within 10 days from the date Direct Purchaser Class Plaintiffs

- 6 -

file the Settlement Documents with the Court. Novartis shall contemporaneously provide Class Counsel with copies of any such notices.

16. The Court appoints RG/2 Claims Administration to serve as claims administrator and to assist Class Counsel in disseminating the Notice. All expenses incurred by the claims administrator must be reasonable, are subject to Court approval, and shall be payable solely from the Settlement Fund. The proposed Plan of Allocation satisfies the requirements of Rule 23(e), is otherwise fair and reasonable, and is, therefore, preliminarily approved, subject to further consideration at the Final Fairness Hearing

17. The Court appoints The First State Trust Company to serve as Escrow Agent for the purpose of administering the escrow account holding the Settlement Fund. All expenses incurred by the Escrow Agent must be reasonable, are subject to Court approval, and shall be payable solely from the Settlement Fund. A copy of the Escrow Agreement executed by The First State Trust Company and Plaintiffs' Counsel is annexed as Exhibit D to the Settlement Agreement. The Court approves the establishment of the Settlement Fund under the Settlement Agreement as a qualified settlement fund ("QSF") pursuant to Internal Revenue Code Section 468B and the Treasury Regulations promulgated thereunder, and retains continuing jurisdiction as to any issue that may arise in connection with the formation and/or administration of the QSF. Plaintiffs' Counsel are, in accordance with the Settlement Agreement, authorized to expend funds from the QSF for the payment of the costs of notice, payment of taxes, and settlement administration costs

## Final Fairness Hearing

18. A hearing on final approval (the "Fairness Hearing") shall be held before this

Court at 5̶ ̶p̶m̶ 500 Pearl St Rm 14D on ~~May 16, 2023,~~ May 16, 2023, 2:30 pm at the United States District Court AKH for the Southern District of New York, 500 Pearl Street, Courtroom 14D, New York, NY 10007-1312. At the Fairness Hearing, the Court will consider, *inter alia:* (a) the fairness, reasonableness and adequacy of the Settlement and whether the Settlement should be finally approved; (b) whether the Court should approve the proposed plan of distribution of the Settlement Fund among Class members; (c) whether the Court should approve awards of attorneys' fees and reimbursement of expenses to Class Counsel; (d) whether service awards should be awarded to the Named Plaintiffs; and (e) whether entry of a Final Judgment and Order terminating the litigation between Direct Purchaser Class Plaintiffs and Novartis should be entered. The Fairness Hearing may be rescheduled or continued; in this event, the Court will furnish all counsel with appropriate notice. Class Counsel shall be responsible for communicating any such notice promptly to the Class by posting a conspicuous notice on Class Counsel's website, www.garwingerstein.com.

19. Class members who wish to: (a) object with respect to the proposed Settlement; and/or (b) wish to appear in person at the Fairness Hearing, must first send an Objection and, if intending to appear, a Notice of Intention to Appear, along with a Summary Statement outlining the position(s) to be asserted and the grounds therefore together with copies of any supporting papers or briefs, via first class mail, postage prepaid, to the Clerk of the United States District Court for the Southern District of New York, 500 Pearl Street, New York, NY 10007-1312, with copies to the following counsel:

*On behalf of Direct Purchaser Class Plaintiffs and the Class*:

    Bruce E. Gerstein
    Dan Litvin
    GARWIN GERSTEIN & FISHER, LLP
    Wall Street Plaza
    88 Pine Street, 10th Floor

New York, NY 10005
bgerstein@garwingerstein.com
dlitvin@garwingerstein.com

*On behalf of Novartis*:

Evan R. Chesler
Rachel G. Skaistis
CRAVATH, SWAINE & MOORE LLP
Worldwide Plaza
825 Eighth Avenue
New York, NY 10019
(212) 474-1000
echesler@cravath.com
rskaistis@cravath.com

To be valid, any such Objection and/or Notice of Intention to Appear and Summary statement must be postmarked no later than __3/9/23__, 2023 (45 days from the date that the Notice is mailed to each member of the Class). Except as herein provided, no person or entity shall be entitled to contest the terms of the proposed Settlement. All persons and entities who fail to file an Objection and/or Notice of Intention to Appear as well as a Summary Statement as provided above shall be deemed to have waived any such objections by appeal, collateral attack or otherwise and will not be heard at the Fairness Hearing.

20. All briefs and materials in support of the final approval of the settlement and the entry of Final Judgment proposed by the parties to the Settlement Agreement shall be filed with the Court by __3/30/23__, 2023 (21 days after the expiration of the deadline for Class members to request exclusion from the Class or object to the Settlement and/or attorney's fees, expenses and service awards).

21. All briefs and materials in support of the application for an award of attorneys' fees and reimbursement of expenses, and service awards for the Named Plaintiffs, shall be filed with the Court by __2/24/23__, 2023 (14 days prior to the expiration of the deadline

- 9 -

for Class members to request exclusion from the Class or object to the Settlement and/or attorney's fees, expenses and service awards).

22. All proceedings in the action between the Direct Purchaser Class Plaintiffs and Novartis are hereby stayed until such time as the Court renders a final decision regarding the approval of the Settlement and, if the Court approves the Settlement, enters Final Judgment and dismisses such actions with prejudice.

23. Neither this Order, nor the Settlement Agreement, nor any other Settlement-related document, nor anything contained herein or therein or contemplated hereby or thereby, nor any proceedings undertaken in accordance with the terms set forth in the Settlement Agreement or herein or in any other Settlement-related document, shall constitute, be construed as or be deemed to be evidence of or an admission or concession by Novartis as to the validity of any claim that has been or could have been asserted by Direct Purchaser Class Plaintiffs against Novartis or as to any liability by Novartis as to any matter set forth in this Order, or as to whether any class, in this case or others, may be certified for purposes of litigation and trial.

SO ORDERED this 6th day of Jan, 2023

The Honorable Alvin K. Hellerstein
United States District Judge