

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 7/10/2024

**VIA ECF**

Hon. Stewart D. Aaron
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007

Having found, for the reasons set forth by the EPPs, that a valid basis exists for sealing the selected paragraphs, the motion to seal is GRANTED. SO ORDERED.

Dated: July 10, 2024    *[signature]*

**Re:** *In re Novartis and Par Antitrust Litigation,* **No. 18-cv-4361-AKH (S.D.N.Y.)**

Dear Magistrate Judge Aaron,

    Pursuant to Rule III(E) of Your Honor's Individual Rules of Practice, we write on behalf of End-Payor Plaintiffs ("EPPs") requesting permission to file certain paragraphs outlined below in the Declaration of Rebecca J. Evans of Angeion Group LLC Re: Fraud Detection, Deficiency Process, & Distribution (the "Angeion Declaration") under seal.

    "Notwithstanding the presumption of public access to judicial records, courts may deny access to records that are 'sources of business information that might harm a litigant's or non-party's competitive standing.'" *See In re Parmalat Sec. Litig.,* 258 F.R.D. 236, 244 (S.D.N.Y. 2009)(quoting *Nixon v. Warner Commc'ns, Inc.,* 435 U.S. 589, 598 (1978)); *see also Cumberland Packing Corp. v. Monstanto Co.,* 184 F.R.D. 504, 506 (E.D.N.Y. 1999) ("Documents falling into categories commonly sealed are those containing trade secrets, confidential research and development information, marketing plans, revenue information, pricing information, and the like.").

    As this court recognized during the hearing on June 14, 2024, non-parties have a strong interest in not having their materials be freely disclosed to the public when the specifically requested material is produced in litigation to be kept confidential. *See, e.g., United States v. Amodeo,* 71 F.3d 1044, 1050-51 (2d Cir. 1995) ("[t]he privacy interests of innocent third parties . . . should weigh heavily in a court's balancing equation.") (quoting *Gardner v. Newsday, Inc. (In re Newsday, Inc.),* 895 F.2d 74, 79-80 (2d Cir. 1990)); *see also In re Savitt/Adler Litig.,* 1997 WL 797511, at *3 (N.D.N.Y. Aug. 5, 2003) (nonparties' privacy interests comprise a "strong factor weighing against disclosure of their identities").

    Here, Angeion, a non-party, specifically requests in its Declaration that "the Court allow for the redaction of the paragraphs in the . . . section entitled 'Fraudulent Claim Filing' (paras. 19-28), as specific details regarding our anti-fraud efforts are discussed and, if disclosed, will undermine our ability to combat fraudulent claim submissions by providing insight into the methods and techniques employed by Angeion." *See* Angeion Declaration at ¶18. In addition, those same paragraphs contain proprietary details pertaining to AngeionAffirm, Angeion's proprietary fraud detection system, that are competitively sensitive and, if made publicly available, will be detrimental to Angeion's business in the marketplace. Alternatively, Angeion respectfully requests that the entire Angeion Declaration



be filed under seal. *Id.*

      For these reasons, EPPs respectfully request that portions of the Angeion Declaration – specifically paragraphs 19-28 – remain under seal. A redacted version will be filed on the docket. EPPs and Angeion are available at the Court's convenience should Your Honor have any questions.

Dated: July 8, 2024

Sincerely,

*/s/ Gregory S. Asciolla*