UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------ X
                     :

IN RE NOVARTIS AND PAR ANTITRUST     :
LITIGATION

                     :

------------------------------------------------------------------ X

**ORDER ADOPTING REPORT
AND RECOMMENDATION OF
MAGISTRATE JUDGE**

18 Civ. 4361 (AKH)
18 Civ. 5536 (AKH)
18 Civ. 5603 (AKH)

ALVIN K. HELLERSTEIN, U.S.D.J.:

On July 26, 2024, Magistrate Judge Stewart D. Aaron issued a Report and Recommendation recommending that Angeion Group, LLC ("Angeion") be required to send notice to class members with uncashed checks regarding procedure to implement the settlement. *See* ECF No. 667. No party filed objections to the Report pursuant to 28 U.S.C. § 636(b)(1).

On October 3, 2023, I entered an order approving an end-payor class settlement in the total amount of $30 million. ECF No. 639. As part of the settlement, I appointed Angeion as the class claims administrator. ECF No. 622. As claims administrator, Angeion reviewed claims submitted by individuals, assessed them for fraud, and distributed checks. *See* ECF No. 658.

Angeion was required to submit to the Court claims settlement reports, which it did. On May 30, 2024, Angeion reported that 132,192 claims from individual consumers were received but only 22,342 claims were allowed and that of those claims approximately 14,924 of the checks were uncashed. ECF No. 651. Following the report, I issued an order referring to Judge Aaron an inquiry into the claims distribution process to assess the reasons for the disproportionately low number of claims allowed compared to claims filed and the disproportionately high number of checks not deposited compared to checks distributed. ECF No.

652. Judge Aaron was to make a report and recommendation as to whether the fraud prevention process was proper and any action to be taken to increase the number of checks cashed.

In reviewing a Report and Recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). A district court "must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(2). However, the court need only apply clear error review when a party does not file objections. *Bunbury v. Commissioner of Soc. Sec.*, 18-cv-10722, 2019 WL 6830204, at *1 (S.D.N.Y. Dec. 13, 2019). With no objections having been filed, I have reviewed Magistrate Judge Aaron's Report and have found no clear error. Accordingly, I adopt the Report and Recommendation in its entirety.

Judge Aaron conducted the requested inquiry, reviewing several submissions from Angeion and holding a hearing, and found that "the claims process administered by Angeion has integrity and has been carried out in a diligent and thorough manner" and that Angeion has diligently worked on fraud prevention in the claims. Report at 6-7. Angeion employs a number of fraud prevention measures and has shown that the number of claims denied for indica of fraud was within the range of expectations.

To increase the number of checks cashed, Judge Aaron recommended that Angeion be directed to implement a procedure to notify class members who have uncashed checks through the email and physical addresses it has on file and provide the claimants with new checks or alternative payment options, like Venmo. I adopt this recommendation and order Angeion to do so. Judge Aaron further recommends that Plaintiffs' counsel be given leave to pay Angeion up to $20,000.00 from the settlement fund for implementing this procedure, which is granted.

Therefore, I adopt the Report in its entirety and order Angeion promptly to implement the notification procedure set out in the report and give Plaintiffs' counsel leave to pay up to $20,000.00 to Angeion from the settlement fund after it implements the recommended procedure. Angeion shall file a report of the consequence of its efforts, and recommend any further proceedings, on December 8, 2026.

SO ORDERED.

Dated:      May 4, 2026
            New York, New York                    ALVIN K. HELLERSTEIN
                                                  United States District Judge